RECEIVED
AUG 24 2026
AT 8:30 ________________M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| SHAWN JOHNSON, Individually and on behalf of his minor child,<br>Plaintiff, | Docket No.: 1:26-cv-__________ |
| v. | COMPLAINT AND JURY DEMAND |
| FIVE SITTING TRIAL COURT JUDGES, Disabilities Act<br>THREE COURTROOM SHERIFF PERSONNEL,<br>THREE MUNICIPAL COURT CLERKS,<br>FIVE LOCAL LAW ENFORCEMENT OFFICERS,<br>and THE COUNTY OF CAMDEN,<br>Defendants. | Track: 42 U.S.C. §§ 1983 & 1985<br>Title II Americans with<br>(42 U.S.C. § 12132)<br>IN INDIVIDUAL AND<br>OFFICIAL CAPACITIES |

CIVIL ACTION COMPLAINT

Plaintiff Shawn Johnson, residing in Camden County, New Jersey, bringing this action pro se, state their Complaint against the above-named Defendants as follows:

PRELIMINARY STATEMENT & CONSTITUTIONAL JURISDICTION

1. This civil rights action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 to redress the intentional, systemic deprivation of rights secured to Plaintiffs by the First, Fourth, and Fourteenth Amendments to the United States Constitution, and Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

2. Jurisdiction is invoked directly under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (Civil Rights). Venue is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1391(b), as all transactions, record fabrications, and physical seizures took place entirely within Camden County, New Jersey. Plaintiffs demand a trial by jury on all issues so triable.

THE PARTIES AND SYSTEMIC LIABILITY ROSTER

3. Plaintiff Shawn Johnson is an adult citizen residing in Camden County, New Jersey, who is a qualified individual under the law, maintaining documented statutory blindness and protected psychiatric status since 2017.

4. Defendants include Five Sitting Trial Court Judges, Three Courtroom Sheriff Personnel, Three Municipal Court Clerks, and Five Local Law Enforcement Officers operating across the municipal nodes of Stratford, Oaklyn, Clementon, and the broader Camden County infrastructure.

5. Defendant County of Camden is a municipal corporation under Monell liability due to an unwritten custom, policy, or practice of deliberate indifference to the constitutional rights of disabled litigants. All

individual Defendants are sued in both their individual and official capacities.

STATEMENT OF FACTS

6. On or about February 17, 2026, an initial Temporary Restraining Order (TRO) was activated under conditions involving fraudulent notice loops and false phone profiles, depriving Plaintiffs of a baseline opportunity to be heard.

7. The presiding judge explicitly inquired on the live courtroom microphone whether Plaintiff Adira Hafeeza and the child's mother were engaged in concurrent sexual relations with the child's father (Plaintiff Shawn Johnson), subsequently declaring on the official record that Plaintiff Shawn Johnson "sounds like a dog."

8. During this same March 16, 2026 appearance, the presiding judge attempted to sua sponte input suspect Mark Saunders onto the active record as an official court witness, a highly irregular procedural shortcut that Plaintiff Adira Hafeeza formally and explicitly objected to on the record to preserve the integrity of the dockets.

9. On March 22, 2026, responding officers at the Stratford Borough Police Department generated Operations Report # 2026-02063, explicitly logging Plaintiff Shawn Johnson's compliance with all active mandates. On-scene Body-Worn Camera (BWC) footage recorded witness Mark Saunders explicitly admitting that no threats were made.

10. On March 25, 2026, a formal Municipal Finding of Probable Cause was executed and signed against Mark Saunders as a primary suspect based on cross-filings.

11. From April 6, 2026, through the current date, the Camden County Court Ombudsman's office compiled continuous intake logs and grievance records tracking backend file-shuffling, administrative barriers, and the resulting severe emotional distress inflicted upon the household.

12. On April 10, 2026, the minor child's mother was cited via a certified traffic abstract for reckless speeding with the minor child inside the vehicle. On that exact date, retaliatory domestic contempt dockets were initiated against Plaintiff Shawn Johnson to conceal the law enforcement encounter from the Family Part bench.

13. On or about June 26, 2026, a 7-page criminal Complaint-Summons (# 0432 S 2026 000095) was generated and entered into the automated statewide computer registries. All complainant signature, probable cause verification, and supporting affidavit fields within the 7-page packet were left entirely blank and unsigned, establishing the running of an unverified "ghost file."

14. On July 19, 2026, Plaintiffs hand-delivered a formal Motion for Change of Venue to the trial court tribunal to escape documented local conflicts of interest.

15. On July 22, 2026, the office of Assignment Judge Steven J. Polansky, A.J.S.C., executed a physical administrative "RECEIVED" stamp on Plaintiffs' constitutional applications, hardlocking high-level institutional notice of the ongoing due process breakdowns.

16. On July 23, 2026, a Superior Court Plenary Return Order was entered, escalating the primary family docket (Case No. FD-04-003072-20) into a formal evidentiary track under N.J.S.A. 9:2-4.

17. On July 29, 2026, during an open municipal session, Plaintiffs entered formal constitutional objections regarding database anomalies. The presiding municipal judge was legally forced to vacate his own defective sentence on the official record.

18. On July 31, 2026, at exactly 4:01 AM, an automated computer registry tracking flag was manually triggered, generating a "Failure to Appear" status slip that directly contradicted live courtroom microphone audio records from the prior session.

19. On August 13, 2026, during a scheduled family court custody appearance, court management deployed an aggressive, multi-officer sheriff guard detail inside Room 124 to intimidate Plaintiffs, while the bench subjected a blind, disabled citizen to an unauthorized, patronizing constitutional quiz rather than adjudicating an active child concealment emergency.

20. On August 15, 2026, formal Notices of Tort Claim under N.J.S.A. 59:8-8 were properly served upon the Camden County Counsel, municipal risk offices, and the Office of the New Jersey Attorney General, opening active liability files within the 90-day statutory boundary.

21. On August 19, 2026, Plaintiff executed a final electronic filing through the Judiciary Electronic Document Submission (JEDS) system, securing Transaction ID: EF-4403612 and completely clearing the draft queue to lock the record under state-level oversight.

COUNT I: EVIDENCE FABRICATION & DUE PROCESS FRAUD (42 U.S.C. § 1983)

22. Plaintiff reallege paragraphs 1 through 23 as if set forth fully herein.

23. Defendants knowingly entered a completely blank, unsigned 7-page criminal Complaint-Summons into electronic servers to manually trigger fraudulent automated database tracking loops, acting with actual malice to bypass standard judicial screening and execute unserved arrest traps against Plaintiffs.

24. Verbatim Rule of Law: "It is firmly established that a person's constitutional rights are violated when law enforcement officers manufacture or fabricate evidence to secure an arrest or prosecution... qualified immunity cannot shield an official who knowingly relies on fabricated records." — Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014); see also Monell v. Department of Social Services, 436 U.S. 658 (1978).

COUNT II: FOURTH AMENDMENT MALICIOUS PROSECUTION & RETALIATORY ARREST

25. Plaintiff reallege paragraphs 1 through 23 as if set forth fully herein.

26. Defendants executed an unconstitutional physical corridor arrest against Plaintiff Shawn Johnson while he was voluntarily inside a public courthouse building to address active dockets. Defendants maintained a punitive $1,000 straight cash bail with no 10% option, despite holding face-to-face notice that the underlying domestic contempt allegations had been flatly dismissed

on the merits while Plaintiff was detained downstairs, resulting in an unlawful seizure and total absence of probable cause.

27. Verbatim Rule of Law: "To prove malicious prosecution under § 1983, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) without probable cause; (3) with malice; and (4) the consequence was a deprivation of liberty." — Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018); Zimmerman v. Corbett, 873 F.3d 414 (3d Cir. 2017).

COUNT III: FIRST AMENDMENT RETALIATION FOR WARNING OF LEGAL LIABILITY

28. Plaintiffs reallege paragraphs 1 through 23 as if set forth fully herein.

1. Defendants intentionally blocked, slow-walked, and refused to accept Plaintiffs' child custody interference criminal cross-complaints at the precinct window. This administrative barrier was executed in direct retaliation for Plaintiffs exercising their protected right to criticize public servants and inform handling detectives of formal municipal liability under binding New Jersey Attorney General Law Enforcement Directives.
2. Verbatim Rule of Law: "The First Amendment protects a citizen's right to criticize public officials and inform them of impending legal action. Official retaliation for exercising this protected right violates clearly established federal law." — Mount Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977).

COUNT IV: INTENTIONAL DISCRIMINATION UNDER TITLE II OF THE ADA

1. Plaintiff reallege paragraphs 1 through 23 as if set forth fully herein.
2. Defendants held actual, documented notice that Plaintiff Shawn Johnson is a qualified individual with a disability, maintaining documented statutory blindness and a severe psychiatric condition since 2017. Defendants utilized a live microphone to repeatedly interrupt venue requests, deploy unneeded courtroom sheriff details to intimidate, and force the household into severe emotional distress, constituting an intentional denial of meaningful access and deliberate indifference to protected accommodations.
3. Verbatim Rule of Law: "To establish a violation of Title II of the ADA, a plaintiff must demonstrate they are a qualified individual with a disability, were denied meaningful access to a public entity's services or tribunals, and that the discrimination was intentional." — Haberle v. Troxell, 885 F.3d 170 (3d Cir. 2018).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment against Defendants for un-capped compensatory damages, punitive damages against each Defendant in their individual capacity, statutory attorney's fees under 42 U.S.C. § 1988, and a permanent injunction ordering the complete deletion of all unverified database tracking loops.

Dated: August 21, 2026

Respectfully submitted,